IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11375
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEVIN WAYNE HANDY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-305-1-G
--------------------
July 24, 2002

Before JOLLY, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[*]

    Kevin Wayne Handy appeals his conviction, in a retrial, for
passing a counterfeit $100 Federal Reserve note.  He contends
that the district court abused its discretion by admitting
evidence under FED. R. EVID. 404(b) of four prior crimes involving
attempts to defraud victims by using forged, counterfeit, or
otherwise invalid documents such as driver's licenses,
identification cards, checks, and credit cards.  Handy's defense

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

at both trials was that he lacked the intent to defraud the victim and the knowledge that the $100 bill was counterfeit.  The prior-crimes evidence was not offered at Handy's first trial at which the jury was unable to reach a verdict.

There was no abuse of the district court's discretion in admitting the evidence of Handy's prior offenses.  See United States v. Richards, 204 F.3d 177, 199 (5th Cir.), cert. denied, 531 U.S. 826 (2000).  The evidence was admissible under FED. R. EVID. 404(b) because Handy asserted a defense of a lack of intent to defraud, and the prior-crimes evidence was admitted for the limited purpose of showing that Handy had previously committed crimes involving a similar intent to defraud and that his passing of the counterfeit bill was not an innocent mistake or accident. Id. at 200; United States v. Gordon, 780 F.2d 1165, 1173 (5th Cir. 1986); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

Furthermore, the evidence was admissible under FED. R. EVID. 403 because its high probative value in showing Handy's intent to defraud and the corollary that Handy knew the bill was counterfeit, was not outweighed by the danger of unfair prejudice, especially in light of the district court's repeated instruction that the evidence could be considered only with regard to Handy's intent.  See Richards, 204 F.3d at 200-01.

AFFIRMED.